**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | Case No. 17-12288 (SR) |
| NANCY J. MEEHAN, | Chapter 13 |
| Debtor. | Hearing Date: September 13, 2017, at 10 a.m. |
| | Objections Due: August 28, 2017 |

**MOTION OF POLICE AND FIRE FEDERAL CREDIT UNION**
**FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY TO**
**EXERCISE RIGHTS WITH RESPECT TO VEHICLE**

Police and Fire Federal Credit Union ("PFFCU"), by and through its undersigned counsel, Dilworth Paxson LLP, hereby moves for relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d) and 1301(c) to exercise its rights with respect to its claim that is secured by the Debtor's 2012 Ford Fusion (the "Vehicle"), due to the lack of adequate protection of PFFCU's interests and lack of payments by the debtor.

**I.    BACKGROUND**

1.    Nancy J. Meehan (the "Debtor") is indebted to PFFCU pursuant to certain motor vehicle financing Autodraft Closed End Note, Loan and Security Agreement obtained by the Debtor on April 7, 2014 in the original amount of $20,000. A true and correct copy of the Autodraft Closed End Note, Loan and Security Agreement is attached as Exhibit A. This financing is secured by the Vehicle.[1]

2.    On March 31, 2017, the Debtor initiated this Chapter 13 case.

---

[1] As the automobile financing in this case is a fairly new obligation of the Debtor (obtained less than 910 days prior to the petition date), the Debtor is required to pay the loan amount in full through a chapter 13 plan.

119718643_1

3. The Debtor has proposed a Chapter 13 plan that expressly provides that the Debtor will make payments to PFFCU through her proposed plan to pay $8,514.48 to PFFCU.

4. Unfortunately, the Debtor's case has been pending for five months and the Debtor has made no payments to PFFCU during this Chapter 13, while the Vehicle continues to depreciate in value.

5. The Debtor lists the value of the Vehicle as $6,397 in her bankruptcy schedules, which is less than the balance owed to PFFCU pursuant to the financing.[2]

6. PFFCU's interests in the Vehicle are not adequately protected given that the value of the Vehicle is depreciating and the Debtor is not making her post-petition payments as they come due.

## II. CAUSE FOR RELIEF FROM THE AUTOMATIC STAY EXISTS

7. Pursuant to section 362(d)(1) of the Bankruptcy Code, on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay for cause, including lack of adequate protection of the party's interest in property. 11 U.S.C. § 362(d)(1).

8. The Debtor has not made her payments as they've come due after initiating this case and confirmation of the Debtor's proposed plan has been continued. Moreover, it is anticipated that, even if the Debtor's plan is eventually confirmed, PFFCU will not receive payments from the Chapter 13 Trustee until after administrative and priority claims are paid in full, further impairing PFFCU's rights and interests as the Vehicle depreciates. Accordingly, cause exists to lift the automatic stay because PFFCU's interests are not adequately protected and

---

[2] Based on the information available from the NADA guide and Kelly Blue Book, PFFCU disputes the value utilized by the Debtor. For purposes of this motion only, PFFCU will accept the Debtor's valuation.

cause exists pursuant to 11 U.S.C. § 362(d)(1) to lift the automatic stay to allow PFFCU to exercise its rights with respect to the Vehicle.

### III. PFFCU IS ENTITLED TO RELIEF FROM THE CO-DEBTOR STAY

9. Upon information and belief, Michael P. Meehan may be co-owner of the Vehicle.[3]

10. To the extent that Michael P. Meehan is the co-owner of the Vehicle, he receives direct or indirect benefits from his and/or the Debtor's use of the Vehicle. While the Debtor's proposed Chapter 13 plan proposes to pay the financing obligations to PFFCU, PFFCU's interests are not adequately protected prior to confirmation of that plan and confirmation has been continued. Accordingly, PFFCU is entitled to relief from the stay provided under 11 U.S.C. § 1301(c)(1) and (2).

11. The Debtor is currently five months in arrears to PFFCU with respect to the motor vehicle financing obligations, with no indication that payments are or will be forthcoming from the Debtor to PFFCU unless and until the Debtor's proposed Chapter 13 plan is confirmed and, likely, until all administrative and priority claims are paid in full under that plan after confirmation thereof. To the extent that Mr. Meehan is a co-owner of the Vehicle, no basis exists for him to receive the protections of the automatic stay under the circumstances of this case. Nevertheless, while the stay is in place, PFFCU is prevented from proceeding to protect its interests in the Vehicle. Accordingly, to the extent that the automatic stay of § 362 or § 1301(a) remains in place, PFFCU's secured interests in the Vehicle are being irreparably harmed and relief from the stay is appropriate under 11 U.S.C. § 1301(c)(3).

---

[3] The Debtor is the only obligor on the automobile financing with PFFCU; however, in the Debtor's schedules, the Debtor indicates that the Vehicle does not appear on the Debtor's credit report and may appear on the Debtor's husband's report as a co-owner.

## IV.  CONCLUSION

WHEREFORE, PFFCU respectfully requests that this Court enter an Order granting relief from the automatic stay pursuant to § 362(d) and, as necessary, relief from the co-debtor stay pursuant to § 1301(c) so that PFFCU may exercise its rights with respect to the Vehicle. And, PFFCU respectfully requests such other and further relief as appropriate.

        DILWORTH PAXSON LLP

        /s/ Anne M. Aaronson
        Anne M. Aaronson
        1500 Market St., Suite 3500E
        Philadelphia, PA 19102
        (215) 575-7100

Dated:  August 11, 2017        *Attorneys for Police and Fire Federal Credit Union*