### THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| Nancy J. Meehan, | : | Case No. 17-12288 (JKF) |
| | : | |
| Debtor. | : | **Hearing Date: October 24, 2018 at 9:30 a.m.** |
| | : | **Objections Due: October 15, 2018** |
| | : | |

### MOTION OF POLICE AND FIRE FEDERAL CREDIT UNION
### FOR RELIEF FROM THE AUTOMATIC STAY AND
### CO-DEBTOR STAY TO EXERCISE RIGHTS WITH
### RESPECT TO 9062 WESLEYAN RD., PHILADELPHIA, PA 19036

Police and Fire Federal Credit Union ("PFFCU"), by and through its undersigned counsel, Dilworth Paxson LLP, hereby moves for relief from the automatic stay and co-debtor stay pursuant to 11 U.S.C. §§ 362(d) and 1301 to exercise its rights with respect to its claims that are secured by Nancy Meehan's (the "Debtor") real property located at 9062 Wesleyan Rd., Philadelphia Pa. 19136 (the "Real Property") due to the Debtor's failure to make a post-petition payment and due to lack of adequate protection.

I. **BACKGROUND**

1. On July 28, 2012, the Debtor and Michael P. Meehan executed a mortgage and note, payable to PFFCU, pursuant to which PFFCU provided a loan to the Debtor and co-debtor secured by the Real Property (the "Mortgage"). A true and correct copy of the Mortgage is attached as **Exhibit A**. The Mortgage was in the original amount of $61,840.00.

2. On March 31, 2017 (the "Petition Date"), the Debtor filed an individual voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

120416357_1

3. As of the Petition Date, Debtor was indebted to PFFCU in the amount of $46,889.55 pursuant to the Mortgage that is secured by the Real Property. PFFCU has not received a payment for December 2017 and March, June and September 2018. The Debtor owes PFFCU $2,831.16 ($707.79 per month) in mortgage payments post-petition.

4. The Debtor's plan provides that the Debtor will make payments to PFFCU outside of the plan; however, the Debtor has not complied with these obligations.

## II. CAUSE FOR RELIEF FROM THE AUTOMATIC STAY EXISTS

5. As of the date of this Motion, the Debtor is four months in arrears post-petition to PFFCU with respect to her Mortgage obligations to PFFCU.

6. Given that the Debtor has not made the payments to PFFCU post-petition, the value of the PFFCU's interest in the Real Property continues to be impaired and is not adequately protected as required by 11 U.S.C. § 361.

7. Accordingly, cause exists pursuant to 11 U.S.C. § 362(d)(1) to lift the automatic stay to allow PFFCU to exercise its rights with respect to the Real Property that secures the Debtor's obligations to PFFCU.

## III. RELIEF FROM THE CO-DEBTOR STAY IS WARRANTED

8. Co-Debtor Michael P. Meehan is the co-owner of the Real Property but, according to the Debtor's bankruptcy schedules, does not live in the Real Property, that secures the Debtor's and Co-Debtor's obligations to PFFCU with respect to the Mortgage.

9. The Co-Debtor received the benefit of the Mortgage at the time that the Mortgage was obtained and continues to receive the benefit of an ownership interest in the Real Property. While the Debtor's Chapter 13 plan proposes to pay the Mortgage directly to PFFCU, the Debtor

has failed comply with the terms of her plan. Accordingly, PFFCU is entitled to relief from the stay provided under 11 U.S.C. § 1301(c)(1) and (2).

10. The Debtor and Co-Debtor are currently four months in arrears to PFFCU with respect to the Mortgage, and there is no indication that the Co-Debtor will be making payments in the future to PFFCU given that he no longer resides in the Real Property. The Co-Debtor is not a debtor in bankruptcy. No basis exists for the Co-Debtor to receive the protections of the automatic stay under the circumstances of this case. Nevertheless, while the stay is in place, PFFCU is prevented from proceeding against the Debtor and Co-Debtor to protect its interests in the Real Property. Accordingly, to the extent that the automatic stay of § 362 or § 1301(a) remains in place, PFFCU's secured interest in the Real Property is being irreparably harmed and relief from the stay is appropriate under 11 U.S.C. § 1301(c)(3).

## IV.    CONCLUSION

11. Relief from the automatic stay and co-debtor stay is warranted because PFFCU is not adequately protected as a result of the Debtor's failure to make post-petition payments sufficient to satisfy her Mortgage obligations to PFFCU.

WHEREFORE, PFFCU respectfully requests that this Court enter an Order granting relief from the automatic stay and co-debtor stay pursuant to § 362(d) and § 1301 so that PFFCU may exercise its rights with respect to the Real Property and granting such other and further relief as appropriate.

Dated: October 1, 2018
    Philadelphia, Pennsylvania

    /s/ Anne M. Aaronson
    **DILWORTH PAXSON LLP**
    Anne M. Aaronson
    1500 Market St., Suite 3500E
    Philadelphia, PA 19102
    Telephone:  (215) 575-7000
    Facsimile:  (215) 575-7200

    *Attorneys for Police and Fire Federal Credit Union*